UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CLIFFORD JONES,

       Petitioner,

   - against -

THE PEOPLE OF THE STATE OF NEW YORK,

       Respondent.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

06-CV-3712 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 5 2006 ★

P.M. _____
TIME A.M. _____

**COGAN**, District Judge.

On July 27, 2006, petitioner Clifford Jones filed this pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 1983 Kings County robbery conviction under indictment number 4572/82. Petitioner pled guilty and was sentenced to a prison term of three to nine years. See Petition at 1. On October 5, 2006, respondent submitted its opposition to the petition, asserting, among other things, that petitioner is no longer in custody on the conviction he challenges and thus not entitled to habeas corpus relief, and because the petition, in any event, is time-barred. Petitioner acknowledges that this sentence has expired, but alleges that the Kings County conviction was used to enhance his current federal sentence, the specifics of which are not set forth in the petition. Petition at 2.

## DISCUSSION

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). When a petitioner's sentence for a

conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001); Maleng, 490 U.S. at 492.

Here, petitioner admits that he is no longer in custody under the Kings County robbery conviction. See Petition at 2. Rather, petitioner argues that federal habeas review is available because the Kings County conviction was used to enhance his current federal sentence.[1] However, petitioner is prohibited from challenging the constitutionality of his expired Kings County conviction in federal court. In Coss, the Supreme Court held that

> a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies that were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Coss, 532 U.S. at 403-04 (citation omitted); see also Daniels v. United States, 532 U.S. 374 (2001).

Even if petitioner could challenge this expired Kings County conviction, it is time-barred as it was filed outside of the one-year statute of limitations for the filing of a

---

[1] Petitioner does not challenge his federal sentence and provides no information regarding the federal sentence. Even if petitioner's submission could be construed as challenging his federal conviction, this Court would not have jurisdiction to review it as this was not the Court who conducted the federal trial, imposed sentence or entered judgment. See Rules 3(b) and 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Indeed, the Court takes judicial notice that based on his United States Marshals Service Register Number, 21729-050, petitioner appears to have been sentenced in New Jersey. In any event, the Supreme Court has cautioned the district courts against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for the writ without the Circuit Court's permission. Castro v. United States, 540 U.S. 375, 383 (2003) (setting forth limitations on recharacterization of a first § 2255 motion); see also Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam).

2

petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1).[2]

Because petitioner was convicted in 1983 before the statute of limitations was in effect, he had a one-year grace period in which to file his habeas corpus petition, i.e., until April 24, 1997. Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir.) (per curiam) (citing Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998)). Here, the instant petition, dated July 27, 2006, was filed nine years after the grace period expired.

## CONCLUSION

Accordingly, the petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied as petitioner is no longer in custody pursuant to the conviction and, therefore, this Court lacks jurisdiction to review this petition. 28 U.S.C. § 2254(a). As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court declines to treat the petition as a motion under 28 U.S.C. § 2255 without prejudice to his re-filing in the district court where he was sentenced. The Court offers no opinion on the merits or timeliness of such a motion. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this

---

[2] The one-year period runs from the date on which one of the following four events occurs, whichever is latest:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

order would not be taken in good faith and therefore <u>in forma pauperis</u> is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

/s/ Hon. Brian M. Cogen

Dated: Brooklyn, New York
December 4, 2006

U.S.D.J.

4